# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

LUIS GAETA,

          Plaintiff,

   v.

SHERMAN, *et al.*,

          Defendants.

Case No.  1:20-cv-01630-NONE-BAM (PC)

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE

(ECF Nos. 11, 13)

**FOURTEEN (14) DAY DEADLINE**

## I.   <u>Background</u>

Plaintiff Luis Gaeta ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This action was removed to this Court on November 12, 2020. (ECF No. 1.)

On August 2, 2021, the Court screened the complaint.  (ECF No. 11.)  Plaintiff was directed to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court.  Plaintiff was expressly warned that his failure to comply with the Court's order would result in a recommendation of dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.  (*Id.* at 14.) Following an extension of time, Plaintiff's first amended complaint or notification was due on or before October 25, 2021.  (ECF No. 13.)  Plaintiff was again warned that his failure to comply

1

1  with the Court's order would result in a recommendation of dismissal of this action, without

2  prejudice, for failure to obey a court order and for failure to prosecute.  (*Id.* at 3.)

3      The deadline has expired, and Plaintiff has failed to respond to the Court's orders or

4  otherwise communicate with the Court.

5  **II.**    **Failure to Prosecute and Failure to Obey a Court Order**

6      **A.**    **Legal Standard**

7      Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

8  any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

9  within the inherent power of the Court."  District courts have the inherent power to control their

10  dockets and "[i]n the exercise of that power they may impose sanctions including, where

11  appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

12  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

13  failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46

14  F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

15  963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

16  amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

17  (dismissal for failure to comply with court order).

18      In determining whether to dismiss an action, the Court must consider several factors:

19  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

20  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

21  cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

22  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

23      **B.**    **Discussion**

24      Here, Plaintiff's first amended complaint or notice that he wishes to proceed on the claims

25  found cognizable by the Court is overdue and he has failed to comply with the Court's orders.

26  The Court cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the

27  Court finds that both the first and second factors weigh in favor of dismissal.

28  ///

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's August 2, 2021 screening order expressly warned Plaintiff that his failure to comply with the Court's order would result in dismissal of this action for failure to obey a court order and for failure to prosecute.  (ECF No. 11, p. 14.)  The Court's September 21, 2021 order granting Plaintiff's motion for an extension of time contained the same warning.  (ECF No. 13, p. 3.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff has not paid the filing fee, or would be proceeding *in forma pauperis* in this action, apparently making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### III.  Conclusion and Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey Court orders and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

**(14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

  Dated:   **November 9, 2021**                    /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE